UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DERRICK EVANS,
   Plaintiff,

vs.                                                    No. 10-1431

NURSE FOLEY, et.al.,
   Defendants.

CASE MANAGEMENT ORDER

      This cause is before the court for consideration of the Plaintiff's motion for leave to file an amended complaint. [d/e 33] The Plaintiff originally filed his complaint on December 31, 2010 alleging that Defendants Rhonda Moore, Nurse Foley, Dr. Vipin Shaw, Dr. Castrovillo and Nurse Allan Kurt violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. ([d/e 1]; January 24, 2011 Merit Review Text Order.) Specifically, the Plaintiff alleged that while he was housed at the Illinois River Correctional Center in January of 2009, he began to exhibit symptoms of a serious illness. The Plaintiff experienced a dramatic weight loss and had difficulty speaking and walking. On February 12, 2009, blood tests revealed that the Plaintiff was suffering from a life threatening condition called diabetic ketoacidosis (DKA). Nonetheless, the Plaintiff says the Defendants took no action. The Plaintiff says he suffered in pain until he lapsed into a coma on February 15, 2009. The Plaintiff says he still suffers with permanent injuries as a result of the Defendants' conduct.

      Counsel for the Plaintiff had difficulty serving the named Defendants. *See* March 14, 2011 Text Order; May 3, 2011 Text Order; May 5, 2011 Text Order; June 23, 2011 Text Order. After several extensions of time, the court ultimately dismissed Defendants Kurt and Moore on August 2, 2011 for failure to provide timely service of process. *See* August 2, 2011 Dismissal Order. On June 23, 2011, the first discovery and dispositive motion deadlines were set with all discovery to conclude on February 29, 2012. *See* June 23, 2011 Text Order. On October 4, 2011, the court stayed the discovery period after the Defendants filed a motion for summary judgment on the issue of exhaustion of administrative remedies. *See* October 4, 2011 Text order. The Defendants then moved to withdraw their dispostive motion and a new discovery deadline was set for April 30, 2012. *See* October 5, 2011 Text Order; February 28, 2012. The court then allowed the Defendants unopposed motion for an extension of time and the final discovery date was set for June 29, 2012. *See* April 20, 2012 Text Order.

      The Plaintiff then filed his motion for leave to amend his complaint on May 14, 2012. [33] The Plaintiff initially requests to dismiss Defendants Foley and Shaw. The Defendants do not oppose the dismissal and the court will therefore dismiss both Defendants.

The Plaintiff says he has also determined that he needs to add a state law claim of medical malpractice against the surviving Defendant, Dr. Castrovillo.  The Defendant opposes this amendment. Federal Rule of Civil Procedure 15 states that a court should "freely" allow leave to amend a complaint "when justice so requires." Fed.R.Civ.P 15(a)(2).  However, the applicable statute of limitations period for the Plaintiff's claim is two years.  *See Farrell v. McDonough,* 966 F.2d 279, 280-82 (7th Cir. 1992).   Since the Plaintiff alleges that he was sent to an outside hospital due to the negligence of Dr. Castrovillo on February 12, 2009, his motion to amend filed on May 14, 2012 is more than a year past the statute of limitations period.  However, the
Plaintiff may still amend his complaint if he can show that his proposed amendment relates back to his original complaint.   An amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading..." Fed.R.Civ.P.15(c)(1)(C).   The Plaintiff's medical malpractice claim involves the same conduct and events alleged in the original complaint. *See Jett v Penner*, 2007 WL 715533(E.D.Cal. March 8, 2007)(med.malpractice claim is not time-barred since it relates back to the Eighth Amendment deliberate indifference claim in the original complaint).

The Defendant does not directly address whether the new claim relates back to the original complaint, but instead the Defendant argues the court can still deny a motion to amend based on "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).   The Defendant says the motion to amend should be denied for undue delay since there is not an adequate basis for failing to add the medical malpractice claim until nearly a year and a half after filing the original complaint.

The Plaintiff's counsel maintains that he reviewed the available medical records and facts of this case with a physician before he filed this lawsuit.  Counsel states that he knew that medical staff had not taken any action when the they received the Plaintiff's abnormal blood test results on Thursday, February 12, 2009.  However, the Plaintiff maintains that the records did not provide details about what care was available to the Plaintiff between February 12, 2009 when the Plaintiff was examined by Dr. Castrovillo and February 15, 2009 when he lapsed into a coma.  Dr. Castrovillo had ordered that the Plaintiff be kept under close observation.  However, the Plaintiff maintains that it was only after the deposition of Dr. Castrovillo on April 24, 2012 that he learned that the Doctor did not even know if another doctor would be at the prison during this time frame. The Plaintiff shared this information with a consulting physician who found that the Defendant had deviated from the acceptable standard of care in treating the Plaintiff, and therefore the Plaintiff filed his motion to amend immediately after receiving a report from the consulting physician.  The Plaintiff maintains there was no undue delay.

The Defendant says the Plaintiff has failed to provided an excusable reason for the delay.  First, the Defendants point to the report provided by the consulting physician.  The closing paragraph says Dr. Castrovillo deviated from the standard of care "for failure to recognize DKA and Pancreatitis on 2/12/09 due to abnormal lab values as well as the acidotic breath odor..."

(Amd. Comp, p. 7).   The Defendant argues that this information was available to the Plaintiff when he first filed his complaint.   The court notes that the consulting physician does include a paragraph in his report noting that Dr. Castrovillo had testified in his deposition that he did not know when he left the Plaintiff on Thursday, February 12, 2009 whether a doctor would be available for the next three days.   The Physician then states '[t]he above represents a deviation from the standard of care..." and then goes on to specifically note the failure to correctly interpret the lab results. (Amd. Comp., p 7).   While the failure to recognize the importance of the Plaintiff's symptoms does appear to be the key determining factor for the consulting physician, he also considered the fact that the Defendant had no idea whether a doctor would be checking on the Plaintiff's condition after the lab results were received.

The Defendants next argue that the medical records clearly show the only entries after the examination by Dr. Castrovillo were made by a nurse. (Def. Resp, Ex. A).  While its possible the Plaintiff may not have had a complete set of medical records at the time he filed his complaint, the Defendant has demonstrated that he sent a copy to Plaintiff's counsel on July 11, 2011.  Therefore, the Plaintiff already knew that no doctor examined the Plaintiff between February 12 and February 15, 2009.  In addition, the Defendant argues that the Plaintiff's original complaint clearly stated Dr. Castrovillo failed to take any action after receiving the blood test results and the Plaintiff was left in the infirmary without any treatment until February 15, 2009. (Comp., p. 3).  The Defendants argue the information was available to the Plaintiff months before he filed his motion to amend his complaint.

While there is some debate concerning the Plaintiff's stated reason for the delay in filing his motion, "delay alone will not generally justify denying a motion to amend a pleading absent a showing of prejudice from the delay." *King v Cook*, 26 F.3d 720, 723 (7th Cir. 1994). However, "the longer the delay, the greater the presumption against granting leave to amend." *Tamari v Bache & Co.*, 838 F.2d 904, 908 (7th Cir. 1988). The Defendant says he will be prejudiced in this case because he has not retained an expert to rebut the Eighth Amendment Deliberate Indifference claim, but he will need an expert witness to address the medical malpractice claim and the claims of the Plaintiff's consulting physician.  In addition, both experts would need to be deposed.  Allowing the Plaintiff's motion would therefore cause further delays in an already lengthy litigation.

The court notes that when the Plaintiff filed his motion, there were still two months left in the discovery period.  In addition, the Defendant concedes that the two previous extensions in discovery deadlines were the result of the Defendant requesting additional time as well as filing and then withdrawing a motion for summary judgment. ([d/e 23, 27]; February 28, 2012 Text Order).   Furthermore, the Defendant has now filed a third, unopposed motion for an extension of time to conduct discovery. [d/e 38].  The Defendant states that even if the Plaintiff's motion to amend is denied, he needs additional time to depose the Plaintiff's two most recent treating physicians.   Therefore the Defendant asks for a 60 day extension in discovery.

While allowing the Plaintiff's motion to amend will cause some delay, it is not greater than the delay already needed by the Defendant.  In addition, the Defendant has not alleged that

3

the parties would need to take supplemental depositions of any witness previously deposed. Therefore, the Defendant has not demonstrated that allowing the motion to amend would result in undue prejudice. The Plaintiff's motion to amend his complaint is granted.[d/e 33]  In addition, the court will allow the parties motion for an extension of the discovery deadlines. [d/e 38]

IT IS THEREFORE ORDERED that;

1) The Plaintiff's unopposed motion to dismiss Defendants Foley and Shaw is granted.[33] The clerk of the court is directed to terminate these two Defendants from this lawsuit with prejudice.

2) The clerk of the court is directed to correct the spelling of the surviving Defendant's last name in the case docket, from Castrovello to Castrovillo.

3) The Plaintiff's motion for leave to file an amended complaint is granted. [33] The clerk is directed to file the Plaintiff's proposed amended complaint.  The Plaintiff now alleges the Defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition and committed the state law tort of medical malpractice.  The Defendant must file a timely an answer to the amended complaint within 21 days.

4) The Defendants unopposed motion for an extension of the discovery deadlines is granted. [38]  The court will abide by the following deadlines: the Plaintiff shall disclose his expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by November 1, 2012;  3) Defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by November 30, 2012;  4) Discovery closes December 31, 2012; 5) Dispositive motions are due January 31, 2013.  Written discovery must be served on a party at least 30 days before the discovery deadline. Motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request, except for good cause shown.

Entered this 22nd day of October, 2012.


                                                **s/James E. Shadid**
                            _____
                                                JAMES E. SHADID
                                       UNITED STATES DISTRICT JUDGE